# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| In re: | Case No. 03-32063 |
| TERRY MANUFACTURING COMPANY, INC. | Chapter 7 |
| Debtor. | |
| In re: | Case No. 03-32213 |
| TERRY UNIFORM COMPANY, LLC, | Chapter 7 |
| Debtor. | |
| J. LESTER ALEXANDER III, TRUSTEE OF TERRY MANUFACTURING COMPANY, INC. AND TERRY UNIFORM COMPANY, LLC | |
| Plaintiff, | Adv. Pro. No. 04-3073-WRS |
| v. | |
| ATLANTIC THREAD & SUPPLY COMPANY, INC., | |
| Defendant. | |

## MEMORANDUM DECISION

This Adversary Proceeding is before the Court upon the summary judgment motion of the Plaintiff and Trustee of Terry Manufacturing Company, Inc. ("Terry Manufacturing") and Terry Uniform Company, LLC ("Terry Uniform"), J. Lester

Alexander, III, ("Trustee")[1]. Defendant Atlantic Thread & Supply Company, Inc. (Atlantic Thread) has filed as its opposition to the Trustee's motion, its own Motion for Summary Judgment. (Doc. 14). The Court has considered the briefs and memoranda submitted by both parties. (Docs. 1, 5, 11, 14, 15, 20, 21). For the reasons set forth below, the summary judgment motion of the Trustee is GRANTED in part and DENIED in part. For the same reasons, the summary judgment motion of Defendant Atlantic Thread & Supply Company, Inc. (Atlantic Thread) is DENIED.

## I. Conclusions of Law

### A. Introduction

Summary judgment is proper only when there is no genuine issue of any material fact and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56, made applicable to Adversary Proceedings pursuant to Fed. R. Bank. P. 7056; Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2553, 91 L.Ed. 2d 265 (1986); Jones v. City of Columbus, 120 F.3d 248, 251 (11th Cir. 1997). Federal Rule of Civil Procedure 56(c) states the following:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c). The facts must be viewed in a light most favorable to the

---

[1] Terry Manufacturing filed a voluntary Chapter 11 petition in this Court on July 7, 2003. (Case No. 03-32063, Doc. 1). Terry Uniform filed a voluntary Chapter 11 petition on July 22, 2003. (Case. No. 03-32213, Doc. 1).

nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S.Ct. 2505, 91 LED. 2d 202 (1986); Hail v. Regency Terrace Owners Association, 782 So.2d 1271, 1273 (Ala. 2000). To avoid an adverse ruling on a motion for summary judgment, "the nonmoving party must provide more than a mere scintilla of evidence." See Loyd v. Ram Industries, Inc., 64 F.Supp.2d 1235, 1237 (S.D. Ala. 1999) (quoting Combs v. Plantation Patterns, 106 F.3d 1519, 1526 (11th Cir. 1997).

### B. Discussion

The Trustee has initiated this Adversary Proceeding in an attempt to recover the following payments that were made by Terry Manufacturing to Atlantic Thread. The payments in question occurred approximately on the following dates and in the following amounts:

$5,935.00 on April 9, 2003;

$10,708.75 on April 11, 2003;

$12,199.13 on April 25, 2003;

$3,199.52 on May 7, 2003;

$7,733.47 on May 15, 2003;

$8,253.92 on May 20, 2003;

$9,282.12 on June 4, 2003;

$9,594.90 on June 16, 2003.

The Trustee is alleging that these payments, totaling $66,906.81 are avoidable preferential transfers pursuant to 11 U.S.C § 547(b). Section 547(b) reads as follows:

(b) Except as provided in subsection (c) of this section, the trustee may avoid any transfer of an interest of the debtor in property-

> (1) to or for the benefit of a creditor;
> (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
> (3) made while the debtor was insolvent;
> (4) made-
>> (A) on or within 90 days before the date of the filing of the petition; or
>> (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and
> (5) that enables such creditor to receive more than such creditor would receive if-
>> (A) the case were a case under chapter 7 of this title;
>> (B) the transfer had not been made; and
>> (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. § 547(b).

Here, the Trustee asserts that the prima facie case has been proven and that there are no disputed facts regarding the elements specified by § 547(b). The Court agrees that these prima facie elements have not been disputed by Atlantic Thread. The business relationship between Atlantic Thread and Terry Manufacturing has extended from June 7, 1983 to May 28, 2003. There is no dispute that Atlantic Thread is a creditor of Terry Manufacturing, as a proof of claim has been filed. There is also no dispute that the payments in question were made on account of antecedent debt. All of the payments in question that were received by Atlantic Thread were on account of antecedent debts incurred by Terry Manufacturing which arose before the date of the payments. The Trustee contends that Terry Manufacturing was insolvent throughout the ninety (90) day preference period. The Trustee's assessment of insolvency is based upon an analysis that establishes that Terry Manufacturing's liabilities far exceeded its assets. (Doc. 11; Lester Aff. ¶ 2). Further on this point, the Trustee is entitled to the presumption of insolvency

4
Case 04-03073    Doc 23    Filed 02/28/05    Entered 02/28/05 13:16:14    Desc Main
Document    Page 4 of 7

provided by § 547(f). Atlantic Thread has put forth no evidence to the Court rebutting the statutory presumption of insolvency. All of the payments in question occurred within the requisite ninety (90) day preference period as required by § 547(b)(4)(A). While Atlantic Thread asserts in its Answer that it denies that it received payments on the dates identified by the Trustee, it has not come forth with any evidence showing the inaccuracy of those dates. (Doc. 5). Moreover, had no payments been made to Atlantic Thread, it would have been left with an unsecured claim in the amount of $66,906.81. Given this fact, the payments in question allowed Atlantic Thread to receive more than it would have received if the case had been one under chapter 7 of this title, more than it would have received had the transfer not been made, and more than it would have received for payment of debts to the extent provided by the Bankruptcy Code. The Court finds that there are no genuine issues of material fact with respect to the prima facie elements as provided by § 547(b).

While there are no disputed facts with respect to the prima facie case, the Court finds disputed facts with respect to the statutory defenses asserted by Atlantic Thread. Atlantic Thread contends that the payments in dispute should not be avoided as preferential transfers because §§ 547(c)(2) and (c)(4) apply. In determining whether a particular payment qualifies for the § 547(c)(2) "ordinary course" exception, the Court must consider whether the payments were incurred within the ordinary course of business affairs as between the debtor and the particular creditor, as well as, industry standards which "function as a general backdrop against which the specific transaction at issue is evaluated." A.W. & Associates, Inc., v. Florida Mining and Materials, 136 F.3d 1439, 1443 (11th Cir. 1998). In this case, the Trustee first makes the point that Atlantic Thread

has not shown that late payments made beyond the Net 60 day term agreement were "customarily accepted" by Atlantic Thread. See Marathon Oil Company v. Flatau (In re Craig Oil), 785 F.2d 1536, 1567 (discussing the relevance of late payments in determining whether payments should be protected pursuant to § 547(c)(2)).[2]  Second, the Trustee asserts that Atlantic Thread has failed to address the issue of whether these payments comport with industry standards.  The Trustee claims that according to the "Annual Statement Studies," the terms extended to the debtor were "so idiosyncratic" as to fall outside the realm of industry standards as contemplated by § 547(c)(2). See A.W. & Associates, Inc., v. Florida Mining and Materials, 136 F.3d at 1443.  Atlantic Thread contends that in accordance with an established course of dealings between the two business entities, it customarily accepted payments from Terry Manufacturing that were outside of the Net 60 day term.  The Court finds that disputed facts exist with respect to this statutory defense.  Likewise, genuine issues of material facts exist in regards to the application of § 547(c)(4), the "new value" defense.  The Trustee claims that Atlantic Thread has failed to provide any underlying business records to support its Motion for Summary Judgment or the affidavit of Popi Paragios, the Bookkeeper of Atlantic Thread.  In response, Atlantic Thread reiterates that the affidavit was based on the personal knowledge of the Bookkeeper.  Atlantic Thread also has put forth voluminous business records in support of the validity and preparation of the affidavit.  The Court finds that there are disputed facts with respect to the statutory defenses asserted by Atlantic Thread.  For the aforementioned reasons, the Trustee's Motion for Summary Judgment is GRANTED in part with respect to the prima case and DENIED with respect to the

---

[2] The Trustee argues that the late payments were never specifically identified by Atlantic Thread but presumes that the payments referred to were those made on June 4th and June 20th of 2003.  These payments allegedly fell outside the Net 60 day term.  (Doc. 20).

6

Case 04-03073    Doc 23    Filed 02/28/05    Entered 02/28/05 13:16:14    Desc Main
Document      Page 6 of 7

statutory defenses asserted by Atlantic Thread.  For the same reasons, Atlantic Thread's Motion for Summary Judgment is DENIED.  The Court will issue an Order by way of a separate document that is consistent with this Memorandum Decision.

Done this 28th day of February, 2005.

/s/ William R. Sawyer
United States Bankruptcy Judge

c:  Brent B. Barriere,
　　Katherine M. Determan, Attorneys for Plaintiff
　　Raymond D. Waldrop, Jr., Attorney for Atlantic Thread
　　J. Lester Alexander, III, Trustee
　　Debtors
　　Teresa Jacobs, Bankruptcy Administrator